GUOFENG LI, ESQ. (CA343936)
VIP LAW GROUP PC
Email: LAWYERLI.CHRIS@GMAIL.COM
855 CONKLIN STREET STE S
FARMINGDALE, NY 11735
Telephone No.: (516) 808-6266
Attorney for Plaintiff FEILING HUANG

# UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

**FEILING HUANG**,

*Petitioner-Plaintiff,*

*v.*

**MARKWAYNE MULLIN** , Secretary of the U.S. Department of Homeland Security, in his official capacity;

**TODD BLANCHE** , Attorney General of the United States, in his official capacity;

**DAVID VENTURELLA** , Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity;

**THOMAS GILES** , Los Angeles ICE Field Office Director, in his official capacity;

**FERETI SEMAIA** , Warden of Adelanto ICE Processing Center, in his official capacity.

*Respondents-Defendants.*

Case No. ________________________

**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241; 8 U.S.C. §§ 1225, 1226; APA 5 U.S.C. § 706; COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. Petitioner FEILING HUANG is a citizen of the People's Republic of China who was inspected and lawfully admitted to the United States on November 14, 2016, at Los Angeles, California, through a port of entry, as a B-2 nonimmigrant visitor. Two months later, on January 15, 2017, while still in lawful nonimmigrant status, she signed and submitted Form I-589, Application for Asylum and for Withholding of Removal, to U.S. Citizenship and Immigration Services ("USCIS"), which received it on February 3, 2017 (Receipt No. ZLA1700029130). Exhibit A. Her claim rests on the forced abortion she suffered at the hands of Chinese Family Planning officers and, as set forth in her 2026 supplemental submission, on her faith as one of Jehovah's Witnesses, a religion banned in China. That application has been pending with the Los Angeles Asylum Office for more than nine and one-half years. She has no criminal history of any kind.

2. On or about September 6, 2026, officers of U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner at Los Angeles International Airport in Los Angeles County, California. She has since been transferred to, and is now held at, the Adelanto ICE Processing Center. Exhibit D. She has never received a bond hearing or any individualized determination of whether her detention serves any legitimate purpose.

3. Because Petitioner was admitted, her detention is governed by 8 U.S.C. § 1226(a), the discretionary detention statute under which a noncitizen may be detained or may be released on bond or conditional parole, and under which she is entitled to request a custody redetermination before an Immigration Judge. 8 C.F.R. §§ 236.1(d), 1003.19, 1236.1(d). She is not an "applicant for admission" under 8 U.S.C. § 1225(a)(1), is not "seeking admission" under § 1225(b)(2)(A), and is not subject to any mandatory detention provision. Even the Executive Branch's own position and the decisions most favorable to it concede that § 1226(a) governs "admitted aliens who overstay their visas." Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026).

4. Nevertheless, Respondents have detained Petitioner without any custody review, and have treated her as though she were subject to mandatory detention. That detention violates

the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. Petitioner asks this Court to issue the writ and order her release under reasonable conditions or, in the alternative, to order Respondents to provide a constitutionally adequate, individualized bond hearing within seven days.

## JURISDICTION

5. This action arises under the Constitution of the United States, the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., and the federal habeas statute, 28 U.S.C. § 2241. This Court has subject-matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1651 (All Writs Act), and Article I, § 9, cl. 2 of the Constitution (Suspension Clause). The Court may grant declaratory relief under 28 U.S.C. §§ 2201–2202.

6. Petitioner is "in custody" within the meaning of 28 U.S.C. § 2241(c)(3) because she is physically detained by Respondents at the Adelanto ICE Processing Center. Federal district courts retain jurisdiction over habeas petitions challenging the statutory and constitutional basis for immigration detention. Jennings v. Rodriguez, 583 U.S. 281, 292–96 (2018); Demore v. Kim, 538 U.S. 510, 516–17 (2003); Zadvydas v. Davis, 533 U.S. 678, 687–88 (2001). Petitioner does not challenge any removal order (none exists), nor the commencement or adjudication of her removal proceedings. See 8 U.S.C. § 1252(b)(9), (g); Jennings, 583 U.S. at 294–95.

7. Section 1226(e) of Title 8 does not bar this action. It precludes review only of discretionary custody judgments; it does not bar challenges to "the extent of the Government's detention authority under the 'statutory framework' as a whole," nor constitutional challenges to the procedures by which detention is imposed. Jennings, 583 U.S. at 295–96; Demore, 538 U.S. at 516–17.

## VENUE

8. Venue is proper in the Central District of California because Petitioner is confined at the Adelanto ICE Processing Center, 10400 Rancho Road, Adelanto, California 92301, within

San Bernardino County, and her immediate custodian is located in this District. Rumsfeld v. Padilla, 542 U.S. 426, 443–47 (2004). Venue is also proper under 28 U.S.C. § 1391(e)(1) because Respondents are officers of the United States sued in their official capacities and a substantial part of the events giving rise to this action, including Petitioner's arrest in Los Angeles County, her residence in Orange County, and her continued detention in San Bernardino County, occurred in this District. Assignment to the Eastern Division is appropriate under General Order 24-09 because Petitioner is detained in San Bernardino County.

**PARTIES**

9. Petitioner FEILING HUANG is a native and citizen of the People's Republic of China (A-Number 212-963-113). She is detained at the Adelanto ICE Processing Center under the authority of Respondents. Exhibit D.

10. Respondent MARKWAYNE MULLIN is the Secretary of the U.S. Department of Homeland Security ("DHS") and is sued in his official capacity. He is charged with administration and enforcement of the immigration laws, 8 U.S.C. § 1103(a), oversees ICE, and is a legal custodian of Petitioner. His address is U.S. Department of Homeland Security, Washington, D.C. 20528.

11. Respondent TODD BLANCHE is the Attorney General of the United States and is sued in his official capacity. He oversees the Executive Office for Immigration Review, which conducts removal and custody-redetermination proceedings, 8 U.S.C. § 1103(g), and is a legal custodian of Petitioner. His address is U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

12. Respondent DAVID VENTURELLA is the Acting Director of ICE and is sued in his official capacity. He is responsible for the detention and custody of noncitizens in removal proceedings and is a legal custodian of Petitioner. His address is 500 12th Street, S.W., Washington, D.C. 20536.

13. Respondent THOMAS GILES is the Field Office Director of the ICE Enforcement and Removal Operations Los Angeles Field Office, which has jurisdiction over the Adelanto ICE Processing Center, and is sued in his official capacity. He has direct authority over Petitioner's detention and release and is a legal custodian of Petitioner. His address is 300 North Los Angeles Street, Room 7631, Los Angeles, California 90012.

14. Respondent FERETI SEMAIA is the Warden of the Adelanto ICE Processing Center, the facility in which Petitioner is physically confined, and is sued in his official capacity. He is Petitioner's immediate custodian. His address is 10400 Rancho Road, Adelanto, California 92301.

15. Each Respondent is sued in an official capacity only. Pursuant to Fed. R. Civ. P. 25(d), any successor to a named Respondent is automatically substituted as a party.

## STATEMENT OF FACTS

### A. Petitioner's Lawful Admission and Nearly Decade-Long Pursuit of Asylum

16. Petitioner was inspected and admitted to the United States on November 14, 2016, at Los Angeles, California, as a B-2 nonimmigrant visitor, and was issued a Form I-94 Arrival/Departure Record. She had previously been admitted in the same status on May 28, 2016, at Chicago, Illinois, and had departed the United States in compliance with the terms of that admission. **Exhibit A**.

17. On January 15, 2017—two months after her admission and well within both her authorized period of stay and the one-year filing deadline of 8 U.S.C. § 1158(a)(2)(B)—Petitioner signed Form I-589, Application for Asylum and for Withholding of Removal, including a request for protection under the Convention Against Torture. USCIS received the application on February 3, 2017, assigned Receipt No. ZLA1700029130, and referred the case to the Los Angeles Asylum Office. **Exhibit A**. The application remains pending.

18. Petitioner's application, as originally filed, is based on the coercive population-control program of the People's Republic of China. As set forth in her sworn testimony, in March

2016, four Family Planning officers came to her home in Nanning, Guangxi, accused her of being pregnant outside of marriage, forcibly removed her from her home, transported her to a hospital, restrained her on an operating table, and performed an abortion on her against her will. Exhibit A. A person who has been forced to undergo an abortion is deemed to have been persecuted on account of political opinion. 8 U.S.C. § 1101(a)(42).

19. On February 8, 2017, USCIS issued a Form I-797C Fingerprint Notification directing Petitioner to appear for biometrics collection at the USCIS Application Support Center in South El Monte, California, between February 11 and February 25, 2017. **Exhibit B**. Petitioner appeared as directed and completed biometrics collection.

20. Petitioner has at all times kept USCIS apprised of her address. She resided initially in Rowland Heights, Los Angeles County, and since March 2021 has resided at 165 Violet Bloom, Irvine, California 92618, in Orange County. **Exhibits A, C.**

21. On October 11, 2025, USCIS issued to Petitioner, at her Irvine address, a Form I-797C "Annual Asylum Fee Notice" pursuant to Public Law 119-21, 139 Stat. 72 (July 4, 2025), confirming that DHS records reflect that her Form I-589 was filed on or before October 1, 2024, and "has been pending with [USCIS] for over 365 days." **Exhibit C**. That notice constitutes the government's own acknowledgment that Petitioner's asylum application was, and remains, pending. Petitioner paid the required fee.

22. In 2026, Petitioner submitted supplemental materials to USCIS updating her pending application. Those materials set forth an additional and independent basis for her claim: Petitioner is a member of the Jehovah's Witnesses, a religious denomination that is banned in the People's Republic of China and whose members are subject to arrest, detention, and criminal prosecution for practicing their faith. Petitioner fears that she would be persecuted on account of her religion, in addition to her prior persecution under the coercive population-control program, if returned to China.

23. Petitioner has never been arrested, charged with, or convicted of any offense anywhere in the world. She has never been ordered removed, has never missed an immigration appointment, and had never before been in immigration custody.

**B. Petitioner's Arrest and Detention**

24. On or about September 6, 2026, while Petitioner was at Los Angeles International Airport in Los Angeles County, California, ICE officers approached her and placed her under arrest.

25. Petitioner was not arrested at or near a border or port of entry in connection with an attempt to enter the United States. She was arrested in the interior of the United States, nearly ten years after her lawful admission, while her affirmative asylum application was pending before USCIS.

26. ICE transferred Petitioner to the Adelanto ICE Processing Center, where she remains detained. The ICE Online Detainee Locator System confirms that Petitioner is held at that facility under the supervision of the Adelanto Sub-Office of Enforcement and Removal Operations. **Exhibit D**.

27. On information and belief, DHS has filed or intends to file a Notice to Appear with the Adelanto Immigration Court charging Petitioner with removability under 8 U.S.C. § 1227(a)(1)(B) as a nonimmigrant who remained longer than permitted. No removal order has been entered, and no appeal is pending.

28. ICE has not served Petitioner with a Form I-286 Notice of Custody Determination offering release on bond or recognizance, and has treated Petitioner as ineligible for bond and subject to detention for the duration of her removal proceedings.

29. At no time since September 6, 2026 has any neutral adjudicator considered whether Petitioner presents a danger to the community or a risk of flight, whether any such risk could be mitigated by conditions of release, or whether her continued detention serves any legitimate governmental purpose.

30. Petitioner's detention has caused her serious harm. It has separated her from her home, her congregation, and her community in Orange County; has severely impaired her ability to gather evidence, consult with counsel, and prepare the asylum claim she has diligently pursued for nearly a decade; and has placed her in the very position—involuntary custody at the hands of the government—that she sought this country's protection to escape. Petitioner is a single woman with no family in the United States, and renewed confinement is particularly acute for a survivor of a forced abortion carried out in state custody.

## LEGAL FRAMEWORK

### A. The INA's Two Pre-Removal Detention Regimes

31. The INA establishes two distinct regimes for detention before entry of a removal order. Section 1225(b) governs "applicants for admission"—noncitizens "present in the United States who ha[ve] not been admitted" or who "arrive[] in the United States." 8 U.S.C. § 1225(a)(1). Within that group, § 1225(b)(2)(A) requires detention of an applicant "seeking admission" whom an examining officer determines "is not clearly and beyond a doubt entitled to be admitted." Section 1226, by contrast, governs noncitizens who are already in the United States and who are charged as removable. Under § 1226(a), the Secretary "may" arrest and detain such a noncitizen "pending a decision on whether the alien is to be removed," and "may" release her on bond or conditional parole. 8 U.S.C. § 1226(a)(1)–(2). Jennings, 583 U.S. at 288–90, 303.

32. A noncitizen detained under § 1226(a) may seek a custody redetermination from an Immigration Judge at any time before a final order of removal. 8 C.F.R. §§ 236.1(d)(1), 1003.19(a), 1236.1(d)(1). At such a hearing the Immigration Judge considers whether the noncitizen is a danger to persons or property or a flight risk. Matter of Guerra, 24 I&N Dec. 37, 40 (BIA 2006). Only noncitizens described in § 1226(c)—those with qualifying criminal or terrorism-related grounds—are excluded from that process. Petitioner is not described in § 1226(c).

**B. An Admitted Noncitizen Is Detained, If at All, Under § 1226(a)**

33. "Admission" means "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A). A noncitizen who was admitted and later overstays is charged as deportable under § 1227(a)(1)(B), not as inadmissible under § 1182. She is not an "applicant for admission" under § 1225(a)(1), because she has been admitted, and she is not "seeking admission" under § 1225(b)(2)(A), because she already received it. By the statute's plain terms, § 1225(b) does not reach her, and § 1226(a) does.

34. This is not a contested proposition. In July 2025, ICE adopted interim guidance, later endorsed by the Board of Immigration Appeals in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), asserting that noncitizens who entered without inspection are "applicants for admission" subject to mandatory detention under § 1225(b)(2)(A). That guidance and that decision are by their own terms limited to persons "present in the United States without admission." Id. at 216. The guidance itself recognizes that noncitizens who were admitted and are charged as deportable under § 1227 remain eligible for bond under § 1226(a). And the only court of appeals decision to have fully accepted the government's reading of § 1225(b)(2)(A) rested on precisely that distinction: "Section 1226(a) undeniably does work independent from § 1225(b)(2)(A) because only § 1226(a) applies to admitted aliens who overstay their visas." Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026). The Second, Sixth, and Eleventh Circuits have rejected the government's reading even as to persons who entered without inspection. Barbosa da Cunha v. Freden, No. 25-___ (2d Cir. Apr. 28, 2026); Lopez-Campos v. Raycraft, No. 26-___ (6th Cir. May 11, 2026); Hernandez Alvarez v. Warden, No. 25-14065 (11th Cir. May 6, 2026). No court has held that a noncitizen who was inspected and admitted on a visa is subject to § 1225(b)(2)(A).

35. Petitioner's case is, if anything, stronger than that of the typical admitted overstay. She did not merely enter lawfully; she affirmatively presented herself to USCIS within months of arrival, submitted to biometrics collection, kept the agency informed of her address for nearly a

decade, and was recognized by USCIS as recently as October 2025 as an applicant with a pending application. Exhibits A–C. The government has known exactly who and where she is throughout.

36. Whatever deference the BIA's interpretation of § 1225(b)(2)(A) might once have commanded, none is due now. Loper Bright Enterprises v. Raimondo, 603 U.S. 369, 412–13 (2024). This Court must "exercise [its] independent judgment in deciding whether an agency has acted within its statutory authority." Id. at 412. On the text, Petitioner's detention is authorized, if at all, only by § 1226(a), with the custody-review process that section and its regulations provide.

**C. The Due Process Clause Independently Requires an Individualized Custody Determination**

37. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690. The Clause applies to "all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Id. at 693. Its protections are at their strongest for a noncitizen who, like Petitioner, was lawfully admitted and has developed ties to this country over nearly ten years. Landon v. Plasencia, 459 U.S. 21, 32–34 (1982); Mathews v. Diaz, 426 U.S. 67, 77–80 (1976).

38. Civil detention is constitutionally permissible only when it bears a "reasonable relation" to a legitimate, non-punitive governmental purpose—in the immigration context, preventing flight and protecting the community—and only when accompanied by "adequate procedural protections." Zadvydas, 533 U.S. at 690–91; Foucha v. Louisiana, 504 U.S. 71, 80–81 (1992); Demore, 538 U.S. at 527–28. The minimum requirement is an individualized determination, by a neutral decisionmaker, of whether those purposes are actually served by detaining the particular person. Foucha, 504 U.S. at 81–83; Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

39. Section 2241 contains no statutory exhaustion requirement; exhaustion in immigration habeas cases is prudential and is excused where pursuit of administrative remedies would be futile, where the administrative body lacks authority to grant the relief sought, or where irreparable injury would result from delay. Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017); Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007); Laing v. Ashcroft, 370 F.3d 994, 1000–01 (9th Cir. 2004).

40. Each ground applies. Respondents' position is that Petitioner is ineligible for any bond hearing, and Immigration Judges are bound by agency precedent on the question of their own jurisdiction. Neither the Immigration Court nor the BIA may declare the agency's detention policy unlawful, adjudicate Petitioner's constitutional claims, or order her release on constitutional grounds. And every additional day of administrative process is a day of unlawful confinement of a person who has never been accused of any crime and whose only pending matter is an asylum claim she has diligently pursued for nearly a decade. To the extent Petitioner has not already sought a custody redetermination from the Immigration Court, exhaustion should be excused; to the extent she has and been refused, no further administrative remedy exists.

## CLAIMS FOR RELIEF

### COUNT ONE

### Detention in Violation of the Immigration and Nationality Act

### (8 U.S.C. § 1226(a); 28 U.S.C. § 2241)

41. Petitioner realleges and incorporates the preceding paragraphs.

42. Petitioner was inspected and admitted to the United States. She is not an applicant for admission under 8 U.S.C. § 1225(a)(1), is not seeking admission under § 1225(b)(2)(A), is not an arriving alien, and is not described in § 1226(c). Her detention pending a decision on removability is governed exclusively by § 1226(a).

43. Section 1226(a) and its implementing regulations entitle Petitioner to an individualized custody determination and to request a custody redetermination before an Immigration Judge. 8 C.F.R. §§ 236.1(d), 1003.19, 1236.1(d).

44. Respondents have detained Petitioner as though she were subject to mandatory detention, have denied her the custody-review process that § 1226(a) provides, and have thereby detained her without statutory authority. Her detention is "in violation of the . . . laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

**COUNT TWO**

**Procedural Due Process — Detention Without an Individualized Custody Hearing**

**(Fifth Amendment; 28 U.S.C. § 2241)**

45. Petitioner realleges and incorporates the preceding paragraphs.

46. Petitioner has a fundamental liberty interest in freedom from physical confinement. The government's interest in detaining a lawfully admitted asylum applicant with no criminal history, a fixed residence of more than five years, and a nearly decade-long record of compliance with every requirement USCIS has imposed, whose removal proceedings have only just begun, is minimal. The risk of erroneous deprivation under a regime that provides no hearing at all is total. Under Mathews v. Eldridge, 424 U.S. at 335, due process requires, at a minimum, a prompt hearing before a neutral adjudicator at which the need for Petitioner's detention is actually examined.

47. Due process further requires that, at that hearing, the government bear the burden of justifying continued civil detention by clear and convincing evidence, and that the adjudicator consider alternatives to detention and Petitioner's ability to pay any bond. Addington v. Texas, 441 U.S. 418, 425–27 (1979); Foucha, 504 U.S. at 81–83; Singh v. Holder, 638 F.3d 1196, 1203–05 (9th Cir. 2011); Hernandez, 872 F.3d at 990–94. Petitioner acknowledges that Rodriguez Diaz v. Garland, 53 F.4th 1189 (9th Cir. 2022), held that due process did not require a clear-and-convincing burden at a second bond hearing for a petitioner with a criminal history who had already received one hearing at which he bore the burden. Rodriguez Diaz expressly preserved as-

applied challenges and directed an individualized inquiry. Id. at 1207–08; see id., 84 F.4th 894 (9th Cir. 2023) (Paez, J., statement respecting denial of rehearing en banc). Here, Petitioner has had no hearing of any kind, was lawfully admitted, has no criminal history, and sought this country's protection within months of her arrival; as applied to her, the Mathews factors require that the government bear the burden.

48. Respondents' detention of Petitioner without any individualized custody hearing, and without the procedural safeguards the Constitution requires at such a hearing, violates the Due Process Clause of the Fifth Amendment.

**COUNT THREE**

**Substantive Due Process — Detention Not Reasonably Related to Any Legitimate Purpose**

**(Fifth Amendment; 28 U.S.C. § 2241)**

49. Petitioner realleges and incorporates the preceding paragraphs.

50. Civil immigration detention is permissible only insofar as it serves the government's legitimate interests in securing the noncitizen's appearance and protecting the public. Zadvydas, 533 U.S. at 690–91; Demore, 538 U.S. at 527–28. Detention that is not reasonably related to those purposes, or that is excessive in relation to them, is punitive and violates substantive due process. Bell v. Wolfish, 441 U.S. 520, 538–39 (1979); Jones v. Blanas, 393 F.3d 918, 932–34 (9th Cir. 2004).

51. Petitioner presents no danger to anyone. She presents no meaningful risk of flight: she affirmatively sought the protection of the United States within months of her admission, has pursued that asylum application for nearly ten years, has appeared for every appointment USCIS has scheduled, has maintained a fixed residence and reported each change of address, and has every incentive to appear because her only path to safety from the persecution she fears runs through the immigration courts. Any residual risk can be fully addressed by conditions of release. Her continued detention bears no reasonable relation to any legitimate governmental purpose and is therefore unlawful.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

a. Assume jurisdiction over this matter;

b. Pursuant to 28 U.S.C. § 2243, issue an Order to Show Cause directing Respondents to file a return within three days of service, and set this matter for hearing at the earliest practicable date;

c. Declare that Petitioner is detained under 8 U.S.C. § 1226(a) and is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) or any other provision;

d. Declare that Respondents' detention of Petitioner without an individualized custody hearing violates the Immigration and Nationality Act and the Fifth Amendment;

e. Issue a writ of habeas corpus ordering Respondents to release Petitioner forthwith under reasonable conditions of supervision;

f. In the alternative, order Respondents to provide Petitioner, within seven (7) days, an individualized custody hearing before an Immigration Judge at which the government bears the burden of proving by clear and convincing evidence that Petitioner is a danger to the community or a flight risk that no condition of release can mitigate, and at which the Immigration Judge considers alternatives to detention and Petitioner's ability to pay any bond; and order that if no such hearing is provided within seven days, Petitioner be released;

g. Enjoin Respondents from transferring Petitioner outside the Central District of California during the pendency of this action;

h. Award Petitioner reasonable attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, and any other applicable authority; and

i. Grant such further relief as the Court deems just and proper.

Dated: September 8, 2026

Respectfully submitted,

*/s/ Guofeng Li*
GUOFENG LI, ESQ. (CA SBN 343936)
VIP LAW GROUP PC
Attorney for Petitioner FEILING HUANG

**VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I am the attorney for Petitioner FEILING HUANG and submit this verification on her behalf pursuant to 28 U.S.C. § 2242 because she is detained at the Adelanto ICE Processing Center and cannot readily sign this petition. I have discussed the facts stated in this Petition with Petitioner and with Feiling Huang, who has provided information on Petitioner's behalf, and have reviewed the documents attached as exhibits. I verify under penalty of perjury under the laws of the United States that the factual statements in this Petition are true and correct to the best of my knowledge, information, and belief.

Executed on September 8, 2026, at Farmingdale, New York.

*/s/ Guofeng Li*
GUOFENG LI, ESQ.

**CERTIFICATION OF COMPLIANCE WITH FED. R. CIV. P. 5.2**

Counsel certifies that this Petition and the accompanying exhibits have been redacted in accordance with Fed. R. Civ. P. 5.2(a) and Local Rule 5.2-1. No Social Security numbers, financial account numbers, full dates of birth, or names of minor children appear in this filing. Unredacted copies of any redacted exhibits are maintained by counsel and will be lodged under seal upon request of the Court.

**INDEX OF EXHIBITS**

Exhibit A Form I-589, Application for Asylum and for Withholding of Removal, as filed with USCIS (Receipt No. ZLA1700029130; received Feb. 3, 2017), with Applicant's Statement and Testimony

Exhibit B Form I-797C Fingerprint Notification (Feb. 8, 2017)

Exhibit C Form I-797C Annual Asylum Fee Notice (Oct. 11, 2025)

Exhibit D ICE Online Detainee Locator Record (Sept. 2026)