**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

FEILING HUANG,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No. EDCV 26-5173 PVC

**MEMORANDUM DECISION AND ORDER ORDERING A BOND HEARING WITHIN SEVEN DAYS OR IMMEDIATE RELEASE**

Petitioner Feiling Huang ("Petitioner"), filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), against Markwayne Mullin, Secretary of U.S. Department of Homeland Security; Todd Blanche, Acting Attorney General of the United States; David Venturella, Acting Director of ICE; Thomas Giles, Los Angeles ICE Field Office Director; and Fereti Semaia, Warden of Adelanto ICE Processing Center on September 8, 2026. (Pet., Dkt. No. 1). The Petition states that Petitioner has been in immigration custody since September 2026. (*Id.* at 2).[1] Petitioner is currently detained at the Adelanto ICE Processing Facility in Adelanto,

[1] For ease of reference, when referring to the filings, the Court uses page numbers generated by CM/ECF. These numbers are printed in a blue ribbon at the top of each page filed on the docket.

California. (*Id.*). Petitioner alleges that her arrest without notice and a hearing and her continued detention without reasonably foreseeable removal violate 8 U.S.C. § 1226(a) and the Due Process Clause of the Fifth Amendment. (*Id.* at 11–13). The Petition seeks relief in the form of an order requiring that Respondents immediately release Petitioner, or in the alternative, provide her with an individualized custody hearing before an Immigration Judge at which the government bears the burden of proving by clear and convincing evidence that Petitioner is a danger to the community or a flight risk that no condition of release can mitigate, and at which the IJ considers alternatives to detention and Petitioner's ability to pay any bond, and an award of reasonable attorney's fees and costs under the Equal Access to Justice Act. (*Id.* at 14).

Respondents filed their Answer on September 15, 2026 ("Answer"). (Dkt. No. 6). The Answer conceded that Petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) and *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) ("[W]e conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."). (*See* Dkt. No. 9 at 2).

In light of Respondents' concession, Petitioner is entitled to a bond hearing, the Court finds as follows:

IT IS THEREFORE ORDERED that

(1) within seven days, Respondents release Petitioner or provide her with an individualized bond hearing under 8 U.S.C. § 1226(a);

(2) Respondents file a notice of compliance advising how they complied with

this Order within seven days; and

(3) the parties file a joint status report within 14 days informing the Court of the outcome of any bond hearing, whether any issues remain, and the parties' positions on whether additional briefing is needed on any remaining issues. If so, the parties shall submit a proposed briefing schedule. If not, Petitioner shall within the same 14 days file a motion for voluntary dismissal or the parties shall submit a stipulated judgment.

DATED: 9/16/26

PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE